_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge



Entered on Docket
June 08, 2012

GLADE L HALL
Nev. Bar 1609
105 Mt. Rose St.
Reno, Nevada 89509
gladelhall@sbcglobal.net
(775) 324-6447

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: ) | Case No. BK-N-11-51818 btb |
| ) | Chapter 7 |
| JOHN D. GESSIN, ) | |
| ) | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT RE: DISCHARGEABILITY** |
| Debtor. ) | |
| ) | Hearing date: May 4, 2012 |
| _____ ) | Hearing Time: 9:00 a.m. |
| ) | |
| ALLISON TAITANO (MOORE), ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Adv. Proc. No. 11-5078 |
| JOHN D. GESSIN, ) | |
| Defendant. ) | |
| _____ ) | |

On February 28, 2012, ALLISON TAITANO (MOORE) filed her MOTION FOR

SUMMARY JUDGMENT RE: DISCHARGEABILITY in the above entitled matter.  Such motion

1

requests a finding that Ms. Taitano's claim, based on a Nevada state court judgment, is not dischargeable pursuant to Section 523 (a)(2) of the Bankruptcy Code.

The motion was not timely opposed. However, defendant obtained new counsel and an opposition was filed on April 27, 2012. Plaintiff replied on May 2, 2012.

The matter was duly brought on for hearing before the Court on May 4, 2012.

The Court has read and considered the written submissions of the parties, the ARBITRATION AWARD entered in the state court matter under date of June 11, 2010, and the FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT entered by the state district court on October 28, 2010. Good cause appearing, this Court makes the following

## FINDINGS OF FACT

1. At the time of filing of the Adversary Complaint in this matter, the Debtor was indebted to Ms. Taitano in the sum of $56,802.15 on a debt for an arbitration award and judgment finding defendant obtained money by false pretenses, false representation and actual fraud.

2. Said judgment also finds specific and detailed procedural abuse and fraud on the court in delaying and burdening the process and in avoiding the court's prejudgment attachment. It characterizes Mr. Gessin as a "remarkably skilled prevaricator," and finds he committed perjury during his testimony in the arbitration hearing.

3. Said judgment makes specific findings of fraud, as follows:

"1.1[1]    Ms. Taitano is a teacher of U.S. History at a high school in Reno;

1.2    Ms. Taitano met Mr. Gessin through an online dating service (Match.com);

1.3    Mr. Gessin represented in his Match.com dating profile:

   that he was a successful businessman
   that he had a graduate degree
   that he own(s) and operate(s) two businesses;
   that he made $150,000 per year;
   that he does extremely well in business;
   that he does extremely well in finances;
   that he does extremely well in career stability;

---

[1] These decimal numbered findings are a quoted from the ARBITRATOR'S AWARD.

1.4 Ms. Taitano and Mr. Gessin began a dating relationship;

1.5 Mr. Gessin represented in person to Ms. Taitano:

    that he was a successful stock market investor;
    that he had a stock account with about $90,000.00 in securities;
    that the stock account was in his father's name so that he could hide his assets from the mother of his son;
    that he could invest Ms. Taitano's money for a higher rate of return;

1.8 Mr. Gessin represented the he could invest Ms. Taitano's money and do better through investments than (Ms. Taitano's ) Certificate of Deposit;

1.10 Ms. Taitano cashed in her Certificate of Deposit in the amount of $29,949.72 and added additional cash and on January 14, 2009 gave $30,000.00 in cash to Mr. Gessin; Mr. Gessin insisted on cash so that he might hide this money from the mother of his child;

1.13 False representations were made by Mr. Gessin:

    he does not have a graduate degree;
    he does not own and operate two businesses;
    he does not make $150,000.00 per year;
    in 2007 his Form 1040 Line 7 gross was $26,466.00
    he could not remember the source of $2,935.00 taxable interest;
    he does not do extremely well in business;
    he does not do extremely well in finances;
    he does not do extremely well in career stability;
    he was unemployed in January 2009;
    he is not a successful stock market investor;
    he claims he does not have a stock account with any amount in securities;
    he hides assets from the mother of his son;
    he could not and did not invest Ms. Taitano's money for a higher rate of return;
    he has converted Ms. Taitano's $30,000.00 to his own use;

1.14 Mr. Gessin made each representation with knowledge each one was false;

1.15 Mr. Gessin made each representation with knowledge that each was material;

1.16 Mr. Gessin made each representation with the intention of inducing Ms. Taitano to rely upon it;

1.17 Subsequently to Ms. Taitano's giving evidence, Mr. Gessin testified as an adverse witness; Ms. Rissone testified after Mr. Gessin; This Arbitrator finds that Ms. Taitano justifiably relied upon the (SIC) Mr. Gessin's false representation of material facts, intended to induce

reliance by Ms. Taitano; . . .

 1.28 Mr. Gessin lied under oath when he stated that he did not receive any cash from Ms. Taitano; . . .

 1.34 There is clear and convincing evidence of Mr. Gessin's oppression, fraud and malice towards Ms. Taitano both express and implied:"

 5. The said state court judgment was entered after a contested trial-type hearing. The debtor was present with his counsel at that hearing.

Based on the foregoing FINDINGS OF FACT, the Court makes the following Conclusions of Law:

## CONCLUSIONS OF LAW

 1. The above entitled matter is a core proceeding.

 2. The Court has jurisdiction over the parties and the issue of dischargeability under 11 U.S.C. §523(a)(2).

 3. The specific and detailed findings of fact by the state court meet the requirements for a finding of nondischargeability under 523(a)(2) of the Bankruptcy Code. See, Harmon v. Kobrin, (*In re Harmon*) 250 F.3rd. 1240, 1246 (9th Cir. 2001); American Express Travel Related Services Co. Inc. V. Hashemi, (*In re Hashemi*), 104 F.3d 1122, 1125 (9th Cir. 1996); Apte v. Japra, M.D.F.A.C.C., Inc., (*In re Apte*) 96 F.3d 1319, 1322 (9th Cir. 1996).

Specifically, there is misrepresentation, fraudulent omission, or deceptive conduct by the debtor set forth in detail. (Paragraphs 1.3 and 1.5, hereinabove) The majority of such misrepresentations were in writing, i.e. the Match.com dating profile. (Para. 1.3)

The judgment makes a specific finding of knowledge of the falsity or deceptiveness of his statement or conduct. (Para. 1.14)

The judgment makes a specific finding of intent to deceive. (Para. 1.16)

The judgment makes a specific finding of justifiable reliance by the creditor or the debtor's statement or conduct. (Para. 1.17)

The judgment makes a specific finding of damage to the creditor proximately caused by

her reliance on the debtor's statement or conduct (Para. 1.17)

    4. The Debtor, John Gessin is collaterally estopped from contesting such facts. Accordingly, there are no material issues of fact and Plaintiff is entitled to Summary Judgment as a matter of law.

**ORDER**

Plaintiff, Allison Taitano, is hereby granted summary judgment declaring that the Debtor's judgment debt of $56,802.15 to Allison Taitano is nondischargeable.

Dated: this ____ day of June, 2012.

_____
BANKRUPTCY JUDGE

Order submitted by:

GLADE L HALL
Attorney for Plaintiff
Nev. Bar 1609
105 Mt. Rose St.
Reno Nevada 89509
(775) 324-6447


Disapproved

_____
SHELLY T. O'NEIL
230 East Liberty St.
Reno Nevada 89501
(775) 348-4600

###

5

**CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies as follows:

____ The court has waived the requirement of approval under LR 9021.

_x___ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and Shelly T. O'Neill, the only attorney appearing at the hearing, has disapproved of the proposed order, by telephone, by objecting to the language "The majority of such misrepresentations were in writing, i.e. the Match.com dating profile. (Para. 1.3)" found in the order on page 4, lines 21 and 22.

____ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved, disapproved, or failed to respond to the document.

____ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

Dated this 17th day of May, 2012

/s/ Glade L Hall

_____
Glade L Hall
Attorney for Plaintiff